Mary E. Chappell
vs.                         No. 81383.
United Electric Railways Co.

June 13, 1930.

WALSH, J. Heard on motion for new trial on the usual grounds, after verdict for plaintiff in the sum of $10,000.

This is an action on the case for negligence. Mary E. Chappell, then 76 years old, was on the 5th day of October, 1928, a passenger upon a Woonsocket car, Providence bound, belonging to defendant, which came into a head-on collision with a work car, also belonging to defendant, on the defendant's private right of way in the town of Lincoln. Mrs. Chappell's right leg, her nose, cheek bone, eyes, right ear were injured in the collision. She testified that she was in continual pain since the accident, her jaw and right side of face being particularly painful. Her most important permanent injury was a depression of the malar bone on the right side and an injury to the infra-orbital nerve with a paralysis of some of the eye muscles, causing double vision in her right eye when she looks upward.

The defendant admitted that plaintiff was injured in the collision but sought to show no lack of due care on its part by the testimony of certain witnesses that the motorman of the car on which plaintiff was a passenger was a faithful and experienced motorman of many years' standing; that on this day, the road was equipped with block signals in perfect working order; that this motorman ran his car by two signals which were set at "danger;" that he was "slouched over" the controls of his car at two different spots before the accident; that after the accident, though his body was mangled, there was very little blood in the vestibule; that this showed that the motorman was dead when he passed the first block signal many hundred yards before the car arrived at the place of collision.

The plaintiff and two other passengers testified that just prior to the collision they saw the motorman make certain movements toward the controller and brakes with his shoulders, though they could not see his arms and hands because he was sitting with his back toward them and that they noticed nothing unusual in the attitude of the motorman.

The question of fact involved in the foregoing was resolved by the jury in favor of the plaintiff and there was, in our opinion, sufficient evidence to warrant such a finding.

According to the life tables, the plaintiff has an expectancy of life of from 5.18 to 6.12 years. Her face and eye will trouble her, her old ailments that were revived again by the accident will cause her some trouble according to the doctors. The plaintiff was a very attractive old lady who unconsciously might influence a jury through sympathy for her and her bravery in her suffering. We think the sum of $8,000 would be ample and even generous compensation for the injuries to plaintiff as shown by the evidence.

Hence, if plaintiff shall remit all of the amount of said verdict in excess of $8,000, defendant's motion for a new

trial is denied; if said remittitur is not filed within five days of the date of the filing of this rescript, the defendant's motion for a new trial is granted.

For plaintiff: Walling & Walling.

For defendant: Clifford Whipple, Earl Sweeney.